UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENNIFER MORELAND,

        Plaintiff,

vs.                                Case No. 2:13-cv-242-FtM-29UAM

SUNTRUST BANK, a foreign corporation,

        Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion for Remand (Doc. #15) filed on April 29, 2013. Defendant filed a Response (Doc. #17) on May 13, 2013. For the reasons set forth below, the motion is granted.

Plaintiff filed a one count Complaint in state court asserting a claim under the Florida Whistleblowers Act, Fla. Stat. § 448.102. (Doc. #2.) The timely Notice of Removal (Doc. #1) asserts diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the basis for removal.

Title 28, United States Code, Section 1332(a) requires that the parties be citizens of different states and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). As the party seeking federal jurisdiction, the burden is upon defendant to establish diversity jurisdiction as of the date of removal. Pretka v. Kolter City Plaza

II, Inc. 608 F.3d 744, 751 (11th Cir. 2010); Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc., 330 F.3d 1308, 1310 (11th Cir. 2003). The parties agree there is complete diversity of citizenship, but dispute whether the amount in controversy exceeded $75,000 at the time of removal.

The Court typically looks to the complaint to establish the amount in controversy. McGee v. Sentinel Offender Serv's, LLC, No. 11-14077, 2013 WL 2436658, at *4 (11th Cir. June 6, 2013). Where the complaint does not assert a specific amount of damages, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." McGee, 11-14077, 2013 WL 2436658 at *4 (quoting Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001)). To determine if the removing defendant has done so, the court looks to the Notice of Removal. Williams, 269 F.3d at 1319. Additionally, "[a] removing defendant may rely on its own affidavits, declarations, or other documentation to establish the amount in controversy." McGee, 11-14077, 2013 WL 2436658 at *4 (citing Pretka, 608 F.3d 744 at 755).

In this case, the Complaint seeks damages in excess of $15,000, the state circuit court jurisdictional amount, "including without limitation, financial loss, damage to reputation, and mental suffering and anguish." (Doc. #2, ¶14.) Plaintiff also seeks reinstatement with full fringe benefits and seniority rights;

past and future lost wages, benefits, and other remuneration; and attorneys fees and costs. (Doc. #2, "Wherefore" clause.) No specific amount of damages is alleged, and the Complaint provides no financial information upon which to make a reasonable calculation of damages. Therefore, the allegations of the Complaint are insufficient to establish that the amount in controversy exceeds $75,000.

The Notice of Removal (Doc. #1) states that plaintiff's annual salary was $70,642.62 when she was terminated in October, 2012; that she was eligible for and had received monthly and quarterly incentives, which in May and August 2012 equaled $4,911.66; that defendant had contributed $2,467.42 to plaintiff's 401(k) account; and that defendant paid $26.00 monthly for plaintiff's dental insurance. The Notice of Removal asserts that back pay should be calculated to the date of the trial and, assuming trial within one year of the filing of the complaint, estimates back pay to exceed $100,077.04. The Notice of Removal also argues that plaintiff's mitigation efforts should not be considered at the jurisdictional phase because mitigation is a defense which must be pled and proven by defendant.

Plaintiff argues that the Notice of Removal fails to show by a preponderance of evidence that the amount in controversy is in excess of $75,000 for several reasons. Plaintiff agrees that her annual salary at the time of termination was $70,642.62 ($193.54

per calendar day). Plaintiff also asserts, without contradiction, that on January 15, 2013, she obtained other employment at an annual salary of $53,000 ($145.21 per calendar day). (Doc. #15, ¶¶ 4, 6, 8.) The 101 days plaintiff was unemployed after termination translates into damages of **$19,547.54** ($193.54 X 101 days of unemployment).

There were 73 days between the January 15, 2013 new job and the March 28, 2013 filing of the Notice of Removal. There was a pay differential of $48.33 per calendar day between plaintiff's former employment and her current employment. This results in additional damages of **$3,528.09** through March 28, 2013 (73 X $48.33). The Court rejects defendant's argument that the unmitigated damage amount should be utilized for this time period. An injured employee has a "duty to mitigate damages by being reasonably diligent in seeking substantially equivalent employment." EEOC v. Massey Yardley Chrysler Plymouth, Inc., 117 F.3d 1244, 1251 (11th Cir. 1997). While the failure to mitigate damages is an affirmative defense, the proper measure of damages is the mitigated differential. The Court agrees with Fusco v. Victoria's Secret Stores, LLC, 806 F. Supp. 2d 1240, 1243-44 (M.D. Fla. 2011) that the correct calculation of back pay damages includes a reduction for the income from plaintiff's new employment.

In wrongful termination suits, "a successful plaintiff receives back pay from the date of his or her termination to the date of trial." Munoz v. Oceanside Resorts, Inc., 223 F.3d 1340, 1347 (11th Cir. 2000). Using the projected trial date, May 15, 2014, plaintiff's additional back pay damages from March 29, 2012 to trial are **$19,960.29** ($48.33 per calendar X 413 days). Plaintiff agrees to including the **$3,750.00** contribution to the 401)k) account (Doc. #15, p. 4, n.3). The dental insurance payments would equal **$468.00** through the trial date. The Court finds that incentive pay cannot be considered because it is speculative. A preponderance of the evidence fails to show that plaintiff would receive incentive pay in the future simply because she received it in the past; further there is no reasonable basis to determine what the amount would be.[1] The total amount in controversy which is properly set forth in the Notice of Removal therefore totals **$47,253.92.**

A removing defendant may also rely upon additional evidence demonstrating that removal was proper. Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010). A successful plaintiff is entitled to future lost wages. The Notice of Removal does not discuss future lost wages, but defendant suggests that such an award is commonly for two years, citing a single case. (Doc. #17,

---

[1] Even if the Court included the $11,050 incentive pay as requested by defendant (Doc. #17, p. 6), the jurisdictional amount would not be satisfied.

pp. 2, 7.)  The Court is not aware of any such two year convention, and defendant has not met its burden of establishing a non-speculative amount of future lost wages.

A successful plaintiff may also be awarded attorney fees.  The general rule is that attorneys' fees count towards the amount in controversy only if they are allowed for by statute or contract.  See Graham v. Henegar, 640 F.2d 732, 736 (5th Cir. 1981).  Defendant has not presented any evidence as to the amount of a reasonable attorney fee in this case, and thus there is no amount which may be considered.

Defendant has not established that the amount in controversy in this case is in excess of $75,000.  Therefore, the motion to remand will be granted.

Accordingly, it is now

**ORDERED**:

1.  Plaintiff's Motion for Remand (Doc. #15) is **GRANTED.**

2.  The case is **remanded** to the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida, and the Clerk of the Court shall transmit a certified copy of this Opinion and Order to the Clerk of that court.

3.  The Clerk is directed to terminate all other pending motions and deadlines as moot, and close the case.

**DONE AND ORDERED** at Fort Myers, Florida, this __15th__ day of July, 2013.

_____
JOHN E. STEELE
United States District Judge

-6-

-7-

Copies: Counsel of record

Case 2:13-cv-00242-JES-UAM   Document 21   Filed 07/15/13   Page 7 of 7 PageID 154

-7-

Copies: Counsel of record